### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CORRECT RX PHARMACY SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-CV-03006-N |
| CORNERSTONE AUTOMATION SYSTEMS, LLC AND CORNERSTONE AUTOMATION SYSTEMS, INC. N/K/A MTWD HOLDINGS, INC., THOMAS KAROL, MICHAEL DOKE, and MARK GILLETT, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' COMBINED MOTION FOR JUDGMENT, MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT, AND BRIEFS IN SUPPORT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arguelles v. UT Family Med. Ctr.*,
   941 S.W.2d 255 (Tex. App.—Corpus Christi 1996, no writ) ...................................................5

*Blue Star Operating Co. v. Tetra Techs., Inc.*,
   119 S.W.3d 916 (Tex. App.—Dallas 2003, pet. denied) ..........................................................6

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex. 2005) .....................................................................................................5

*D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*,
   973 S.W.2d 662 (Tex. 1998) .....................................................................................................6

*Dietrich v. Goodman*,
   123 S.W.3d 413 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ...........................................5

*Fed. Land Bank Ass'n of Tyler v. Sloane*,
   825 S.W.2d 439 (Tex. 1991) ...................................................................................................10

*Jim Walter Homes, Inc. v. Reed*,
   711 S.W.2d 617 (Tex. 1986) ..................................................................................................3, 9

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
   242 S.W.3d 1 (Tex. 2007) .........................................................................................................5

*LAN/STV v. Martin K. Eby Constr. Co.*,
   435 S.W.3d 234 (Tex. 2014) .....................................................................................................5

*Mistletoe Express Serv. v. Locke*,
   762 S.W.2d 637 (Tex. App.—Texarkana 1988, no writ) .........................................................7

*Nance v. Resolution Trust Corp.*,
   803 S.W.2d 323 (Tex. App.—San Antonio 1990, writ denied) ...........................................7, 8

*Qaddura v. Indo-European Foods, Inc.*,
   141 S.W.3d 882 (Tex. App.—Dallas 2004, pet. denied) ..........................................................6

*Sharifi v. Steen Auto., LLC*,
   370 S.W.3d 126 (Tex. App.—Dallas 2012, no pet.) .............................................................6, 7

*Sterling Chems., Inc. v. Texaco, Inc.*,
   259 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ..............................5, 6, 7

*Stewart v. Basey*,
    245 S.W.2d 484 (Tex. 1952) .................................................................................................8

*Sw. Bell Tel. Co. v. DeLanney*,
    809 S.W.2d 493 (Tex. 1991) .................................................................................................3

*Tiller v. McLure*,
    121 S.W.3d 709 (Tex. 2003) (per curiam) ...........................................................................4

*Zenor v. El Paso Healthcare Sys., Ltd.*,
    176 F.3d 847 (5th Cir. 1999) ................................................................................................8

**Other Authorities**

E.A. FARNSWORTH, CONTRACTS § 12.16 (1982) ...........................................................................8

RESTATEMENT (SECOND) OF CONTRACTS § 349 (1981) ..................................................................8

RESTATEMENT (SECOND) OF TORTS § 552(B) (1977) ..................................................................10

24 WILLISTON ON CONTRACTS § 64:1 (4th ed.) .............................................................................7

24 WILLISTON ON CONTRACTS § 64:2 (4th ed.) .............................................................................8

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................................................. ii

Introduction ............................................................................................................................... 1

Defendants' Motion for Judgment and Brief in Support ............................................................ 4

      A.      Judgment Should Entered in Favor of Defendants Karol, Doke and Gillett Consistent with the Jury's Verdict on Plaintiff's Claims ......................................... 4

      B.      Judgment Should be Entered in Favor of Defendant CASI Consistent with the Jury's Verdict on Plaintiff's Fraud Claims ........................................................ 4

Defendants' Motion for Judgment Notwithstanding The Verdict and Brief in Support ............... 4

      A.      The Court Should Disregard the Jury's Answers to Question No. 2 and Question No. 4 Because the Economic Loss Rule Does Not Permit the Plaintiff To Recover on Its Negligent Misrepresentation Claim ........................... 5

      B.      The Court Should Disregard the Jury's Answers to Question No. 2 and Question No. 4 Because the Evidence Is Legally Insufficient for Plaintiff To Recover on Its Negligent Misrepresentation Claim Against CASI .................. 9

Defendants' Response to Plaintiff's Motion for Judgment and Brief in Support ........................ 11

Conclusion ............................................................................................................................... 11

Certificate of Service ............................................................................................................... 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORRECT RX PHARMACY SERVICES, INC., | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. 3:15-CV-03006-N |
| CORNERSTONE AUTOMATION SYSTEMS, LLC AND CORNERSTONE AUTOMATION SYSTEMS, INC. N/K/A MTWD HOLDINGS, INC., THOMAS KAROL, MICHAEL DOKE, and MARK GILLETT, | | |
| Defendants. | | |

**DEFENDANTS' COMBINED MOTION FOR JUDGMENT, MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT, AND BRIEFS IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Cornerstone Automation Systems, LLC ("CASI"), Cornerstone Automation Systems, Inc. n/k/a MTWD Holdings, Inc. ("MTWD"), Thomas Karol ("Karol"), Michael Doke ("Doke") and Mark Gillett ("Gillett") respectfully file their Motion for Judgment, Motion for Judgment Notwithstanding the Verdict, Response to Plaintiff's Motion for Judgment and Briefs in Support, and respectfully show the Court as follows:

## INTRODUCTION

Plaintiff Correct Rx Pharmacy Services, Inc. ("Plaintiff") asserted the following claims against Defendants: fraud by misrepresentation, fraud by omission (non-disclosure) and negligent misrepresentation. This Court granted Defendant MTWD's motion for summary

judgment prior to trial. Therefore, Plaintiff's claims against Defendants CASI, Karol, Doke and Gillett (hereinafter referred to collectively as "Defendants") were tried to a jury.

At the close of Plaintiff's case and again at the close of all of the evidence, Defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) on each of Plaintiff's claims against each of the Defendants on the basis that there was insufficient evidence. Defendants also moved for judgment as to Plaintiff's negligent misrepresentation claim on the basis that the damages sought by Plaintiff are barred by the economic loss rule under Texas law. This Court took both oral motions under advisement.

The case was then submitted to the jury. The jury returned a verdict in favor of all Defendants as to Plaintiff's fraud claims. The jury returned a verdict in favor of Defendants Karol, Doke and Gillett as to Plaintiff's negligent misrepresentation claim. The jury returned a verdict against Defendant CASI for negligent misrepresentation and awarded the following categories of damages: deposits paid to CASI, extra rent and office expense for Barkwood Court lease extensions, interest paid on equipment loan, and out of pocket expenses.

Defendants file the following combined motions and response: (1) Defendants' Motion for Judgment, (2) Defendants' Motion for Judgment Notwithstanding the Verdict, and (3) Defendants' Response to Plaintiff's Motion for Judgment. Specifically, in their Motion for Judgment, Defendants Karol, Doke and Gillett move this Court to enter a judgment in their favor and against Plaintiff as to each of Plaintiff's claims against them consistent with the jury's verdict and award them their taxable costs. Likewise, Defendant CASI also moves this Court to enter a judgment in its favor and against Plaintiff as to Plaintiff's fraud claims.

In their Motion for Judgment Notwithstanding the Verdict, Defendants request that the Court disregard the jury's answers to Questions 2 and 4, which find liability and award damages

against CASI for negligent misrepresentation, and enter judgment in favor of CASI on Plaintiff's negligent misrepresentation claim. The jury's answers to these questions should be set aside and the Court should enter judgment in favor of Defendant CASI on two grounds. First, under controlling Texas law, and specifically the "economic loss rule," if a plaintiff seeks only to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *see also Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."). Because Plaintiff seeks only to recover for loss or damage directly associated with the parties' contract, a cause of action for tort does not lie under Texas law, and Texas law likewise does not allow tort liability or damages under these circumstances.

Second, the evidence is legally insufficient to support a verdict against Defendant CASI for negligent misrepresentation. Plaintiff's entire case against Defendant CASI for negligent misrepresentation was based upon alleged negligent misrepresentations by Defendants Karol, Doke and Gillett. Because the jury found in favor of Defendants Karol, Doke and Gillett as to Plaintiff's negligent misrepresentation claim, and there is no other basis or evidence that supports a verdict against Defendant CASI on the same negligent misrepresentation claim, the Court should disregard the jury's verdict with respect to CASI.

Finally, Defendants are filing a response to Plaintiff's Motion for Judgment. Judgment should not be entered against CASI based on the jury's answers to Questions 2 and 4, both because tort liability against CASI is barred by Texas' economic loss rule, and because there is legally insufficient evidence to support the negligent misrepresentation claim against CASI.

## DEFENDANTS' MOTION FOR JUDGMENT AND BRIEF IN SUPPORT

### A. **<u>Judgment should be entered in favor of Defendants Karol, Doke and Gillett consistent with the jury's verdict on Plaintiff's claims.</u>**

The jury returned a verdict in favor of Defendants Karol, Doke and Gillett as to Question No. 1 (fraud) and Question No. 2 (negligent misrepresentation) in the Court's Charge. [ECF No. 143]  For this reason, Defendants Karol, Doke and Gillett move this Court to enter a judgment in their favor and against Plaintiff as to each of Plaintiff's claims against them consistent with the jury's verdict.  As the prevailing parties, Defendants Karol, Doke and Gillett are also entitled to and move this Court for an award of their taxable costs.

### B. **<u>Judgment should be entered in favor of Defendant CASI consistent with the jury's verdict on Plaintiff's fraud claims.</u>**

The jury returned a verdict in favor of Defendant CASI as to Question No. 1 (fraud) in the Court's Charge. [ECF No. 143]  For this reason, Defendant CASI moves this Court to enter a judgment in its favor and against Plaintiff as to Plaintiff's fraud claims against it consistent with the jury's verdict.

## DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND BRIEF IN SUPPORT

The jury returned a verdict against Defendant CASI as to Question No. 2 (negligent misrepresentation) and Question No. 4 (damages for negligent misrepresentation) in the Court's Charge.  The Court should disregard the answers to these questions and enter judgment in favor of CASI on Plaintiff's negligent misrepresentation claim.

Under Texas law, a trial court may disregard a jury's verdict and render a JNOV if there is no evidence to support the jury's findings or if a directed verdict would have been proper. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam).  As particularly relevant here, a JNOV is appropriate when the record discloses one of the following: (1) a complete absence of

evidence of a vital fact; (2) the trial court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is not more than a scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  A directed verdict, and likewise a JNOV, should be granted when the substantive law does not permit the plaintiff to recover on its cause of action.  *See, e.g.*, *Dietrich v. Goodman*, 123 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (court directed verdict because, under the Texas Water Code, flood water did not qualify as "surface water"); *Arguelles v. UT Family Med. Ctr.*, 941 S.W.2d 255, 258 (Tex. App.—Corpus Christi 1996, no writ) (court directed verdict because Texas does not recognize "lost chance of survival" doctrine in medical-malpractice suits).

**A.     The Court Should Disregard the Jury's Answers to Question No. 2 and Question No. 4 Because the Economic Loss Rule Does Not Permit the Plaintiff To Recover on Its Negligent Misrepresentation Claim.**

The Court should disregard the jury's answers to Question No. 2 and Question No. 4 as to Defendant CASI because Texas law, specifically the "economic loss rule," does not permit Plaintiff to recover on its negligent misrepresentation claim against CASI.  As the Texas Supreme Court has explained, "The economic-loss rule . . . generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."  *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *see also LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 242-43  & n.35 (Tex. 2014) (collecting cases applying the economic-loss rule).  "Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim." *Sterling Chems., Inc. v. Texaco, Inc.,* 259 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Where, as here, a plaintiff complains of injuries related to the performance of a contract, a negligent misrepresentation claim is unavailable under Texas law unless the plaintiff establishes that it suffered an injury "that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *Id*. at 797 (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998)); *see also Blue Star Operating Co. v. Tetra Techs., Inc.*, 119 S.W.3d 916, 922 (Tex. App.—Dallas 2003, pet. denied). If the rule were otherwise, it "would potentially convert every contract interpretation dispute into a negligent misrepresentation claim." *D.S.A., Inc.*, 973 S.W.2d at 664. The burden is on the plaintiff claiming negligent misrepresentation to "establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *See Sterling*, 259 S.W.3d at 797.

Here, because all of Plaintiff Correct Rx Pharmacy Services' damages are recoverable under a breach of contract theory, it cannot recover under the tort claim of negligent misrepresentation. Under breach of contract, a plaintiff can recover damages for its expectation interest in the contract. *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 148 (Tex. App.—Dallas 2012, no pet.). Expectancy damages give the plaintiff the benefit of its bargain by putting the plaintiff in the same economic position it would have occupied if the contract would have been performed. The measure of expectancy damages is the loss in value of the defendant's performance, plus any consequential losses the plaintiff incurred because of the breach, minus any cost or loss the plaintiff avoided by not having to perform its duties under the contract. *See Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 889 (Tex. App.—Dallas 2004, pet. denied). A plaintiff can also recover damages based on its reliance interest in the contract. *Sharifi*, 370 S.W.3d at 149. The measure of reliance damages (out of pocket) is equal to the

expenditures made by the plaintiff in reliance on the contract. *Mistletoe Express Serv. v. Locke*, 762 S.W.2d 637, 638 (Tex. App.—Texarkana 1988, no writ). For example, a party that incurs costs for labor and materials or spends money for advertising, equipment, or employees in preparation for a contract can recover these costs as reliance damages. *See Nance v. Resolution Trust Corp.*, 803 S.W.2d 323, 330 n.3 (Tex. App.—San Antonio 1990, writ denied).

Similar to the plaintiff in the *Sterling* case, Plaintiff Correct Rx claims that, in entering the Equipment Sales Agreement and the First Amendment with Defendant CASI, it relied upon alleged representations made by Defendants regarding Defendant CASI's experience and ability to design, building and install a pharmacy automation system within the agreed upon timeline. When Defendant CASI failed to complete the pharmacy automation system per the contract, Plaintiff sued Defendant CASI (and then added the other Defendants through amended complaints) for negligent misrepresentation, seeking as damages the amount it had paid to Defendant CASI pursuant to the Equipment Sales Agreement and other alleged damages.

The damages sought and recovered in Question No. 4 of the jury verdict must be disregarded because they are the same types of damages that would have been recoverable under a claim for breach of contract. Likewise, because the only injury claimed by Plaintiff is one for economic damages recoverable under a breach of contract claim, a duty in tort does not lie as to Defendant CASI and Question No. 2 must also be disregarded. *Sterling Chems.*, 259 S.W.3d at 796-97.

The "fundamental principle" of contract damages is one of "compensation;" the purpose being that "the disappointed promisee is generally entitled to an award of money damages in an amount reasonably calculated to make him or her whole and neither more nor less." 24 WILLISTON ON CONTRACTS § 64:1 (4th ed.); *see also Sharifi*, 370 S.W.3d at 148 ("The ultimate

goal . . .is to provide just compensation for any loss or damage actually sustained as a result of the breach [and] a party generally should be awarded neither less nor more than his actual damages.") (citations omitted).  One concept of contract damages designed to make the plaintiff "whole" is reliance damages, which "are designed to compensate the plaintiff for any reasonably foreseeable costs incurred or expenditures made in reliance" on the now-broken contractual promises.  24 WILLISTON ON CONTRACTS § 64:2 (4th ed.).  Under longstanding Texas law, reliance damages include "expenditures made in preparation for performance or in performance" of the contract.  *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 863-64 (5th Cir. 1999) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 349 (1981) and applying Texas law); *see also Stewart v. Basey*, 245 S.W.2d 484, 486 (Tex. 1952) ("The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained.").

Question No. 4 sought damages for expenditures Plaintiff incurred in performing and/or relying on CASI's promised performance under the parties' agreement.  They were thus the kinds of reliance damages that could have been sought under a breach of contract claim.  For example, the line item in the verdict for "Deposits paid to CASI," (i.e., the partial payment of the contract price) is a quintessential out-of-pocket expense that Plaintiff made in reliance on CASI's promised performance.  Likewise, the line items in the verdict for "Extra rent and office expense for Barkwood Court lease extensions," "Interest paid on Equipment Loan," and "Out of pocket expenses" are the kinds of costs incurred in preparation for the completion of a contract that are recoverable under a breach of contract claim.  *See Nance*, 803 S.W.2d at 330 n.3 (quoting E.A. FARNSWORTH, CONTRACTS § 12.16, at 888-89 (1982)) (noting as examples of reliance damages

"costs of preparation and part performance" and "spending money . . . for advertising, acquiring premises and equipment, hiring employees, and the like").

Because the damages awarded Plaintiff in Question No. 4 are not independent from any damages Plaintiff could recover as the result of a breach of the contract between Plaintiff and Defendant CASI, they are not recoverable under Plaintiff's negligent misrepresentation claim against Defendant CASI. Similarly, under Texas law, "[w]hen the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone," and Plaintiff could not recover under a tort theory such as negligent misrepresentation. *Jim Walter Homes*, 711 S.W.2d at 618. Accordingly, the jury's answer to Question No. 2 must also be disregarded.

For these reasons, the jury's answers to Question No. 2 and Question No. 4 should be disregarded and judgment should be entered in favor of Defendant CASI on Plaintiff's negligent misrepresentation claim.

B.   **The Court Should Disregard the Jury's Answers to Question No. 2 and Question No. 4 Because the Evidence Is Legally Insufficient for Plaintiff To Recover on Its Negligent Misrepresentation Claim Against CASI.**

The Court should also disregard the jury's answers to Question No. 2 and Question No. 4 as to Defendant CASI because the evidence is legally insufficient to support the verdict. Specifically, there is no evidence, or alternatively no more than a scintilla of evidence, to support the jury's answer to Question No. 2 as to Defendant CASI, given that the jury answered "no" as to Defendants Karol, Doke and Gillett.

To prevail on a cause of action for negligent misrepresentation, or negligently supplying information for the guidance of others, a plaintiff must prove that:

(1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation,

(2) the defendant supplied "false information" for the guidance of another in the other's business,

(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and

(4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

*See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (citing RESTATEMENT (SECOND) OF TORTS § 552(B) (1977)).

In this case, Plaintiff's negligent misrepresentation claim stemmed from the same facts underlying its fraud claim against Defendant CASI and its fraud and negligent misrepresentation claims against Defendants Karol, Doke and Gillett. Further, similar to its fraud claim against Defendant CASI, Plaintiff's negligent misrepresentation claim was based solely on the alleged negligent misrepresentations on the part of Defendants Karol, Doke and/or Gillett. Based upon the jury's verdict as to these claims, the jury found that there were no misrepresentations on the part of Defendant CASI supporting fraud, and no misrepresentations on the part of Defendants Karol, Doke and Gillett supporting either fraud or negligent misrepresentation.

Other than evidence surrounding alleged misrepresentations on the part of Defendants Karol, Doke and Gillett, Plaintiff did not introduce any other evidence in support of its negligent misrepresentation claim against Defendant CASI. Absent any such evidence, there is no evidence in the trial record supporting a finding by the jury of negligent misrepresentation on the part of Defendant CASI. For this reason, the verdict against Defendant CASI in Question No. 2 (negligent misrepresentation) should be set aside. And if the verdict against CASI in Question No. 2 is set aside, the Court must necessarily also set aside the answer to Question No. 4, as the jury could not award damages against Defendant CASI under Question No. 4 absent an affirmative answer as to CASI to Question No. 2.

Accordingly, judgment should be entered in favor of Defendant CASI on Plaintiff's negligent misrepresentation claim. Further, Defendant CASI should be awarded its taxable costs as the prevailing party.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT AND BRIEF IN SUPPORT

Defendants incorporate herein the facts and legal arguments made in Defendants' Motion for Judgment and Defendants' Motion for Judgment Notwithstanding the Verdict and re-allege same. For the reasons articulated above, the Court should deny Plaintiff's Motion for Judgment because (1) Texas law precludes liability or damages on a tort theory when the only alleged damages would also be available under a breach of contract claim and (2) there is legally insufficient evidence to support the jury's verdict with respect to the negligent misrepresentation claim against CASI. The Court should not enter judgment awarding Plaintiff damages or pre-judgment interest; instead the Court should enter judgment in favor of Defendants on all claims.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants request that this Court deny Plaintiff's Motion for Judgment, grant Defendants' Motion for Judgment and Motion for Judgment Notwithstanding the Verdict, and enter judgment in favor of Defendants as to each of Plaintiff's claims against them, award Defendants their taxable costs, and for such other and further relief to which Defendants may show themselves to be justly entitled.

...

Respectfully submitted,

By: /s/ J. David Apple
    J. David Apple
    State Bar No. 01278850

APPLE & FINK, L.L.P.
735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone:  (972) 315-1900
Facsimile:   (972) 315-1955
Email: jdapple@applefinklaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court, which will send a "Notice of Electronic Filing" to the following counsel:

Richard M. Barnes
Linda S. Woolf
James A. Frederick
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Walter Herring
MUNCK WILSON MANDALA LLP
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 7525

    /s/ J. David Apple
    J. David Apple