IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORRECT RX PHARMACY SERVICES, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-CV-3006-N |
| CORNERSTONE AUTOMATION SYSTEMS, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Correct Rx Pharmacy Services, Inc.'s ("Correct Rx") motion for judgment [146] and Defendants Cornerstone Automation Systems, LLC ("CASI"), Thomas Karol, Michael Doke, and Mark Gillett's motion for judgment and judgment notiwithstanding the verdict [147]. The Court will grant both motions in part and enter judgment on the jury's verdict.

### **I. BACKGROUND**

Correct Rx sought to acquire an automated pharmacy system from CASI, and entered into a contract for that system. CASI ultimately was unable to deliver. Correct Rx brought this action against CASI, the individual defendants, and an additional entity, MTWD Holdings, Inc. The Court previously granted MTWD Holdings, Inc.'s motion for summary judgment. The case proceeded to trial before a jury. The Court submitted to the jury Correct Rx's claims for fraud and negligent misrepresentation against CASI and the individual

defendants. The jury found for Correct Rx on its negligent misrepresentation claims against CASI and for defendants on all other claims. The instant motions followed.

## II. THE COURT WILL ENTER JUDGMENT ON THE VERDICT ON THE NEGLIGENT MISREPRESENTATION CLAIM AGAINST CASI

CASI makes two arguments in its motion for judgment as a matter of law[1] against the negligent misrepresentation claim. First, it argues that the economic loss rule bars the claim. Second, it argues that the jury's findings in favor of the individual defendants preclude a finding against CASI. The Court will address those arguments in turn.

### *A. The Economic Loss Rule Does Not Bar Correct Rx's Claim*

The economic loss rule is a judicial attempt to untangle tort law and contract law. "[T]here is not one economic loss rule broadly applicable throughout the field of torts, but rather several more limited rules that govern recovery of economic losses in selected areas of the law." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011) (quoting Vincent R. Johnson, *The Boundary–Line Function of the Economic Loss Rule*, 66 WASH. & LEE L. REV. 523, 534–35 (2009) ).[2] More recently, the Texas Supreme Court examined the history of the economic loss doctrine(s) and the difference between a claim for negligent performance of a contract and negligent misrepresentation in the inducement of a contract. *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234 (Tex.

---

[1] Defendants used the traditional nomenclature of "judgment notwithstanding the verdict" in their motion. The Court will use the current "judgment as a matter of law." *See* FED. R. CIV. P. 50(a).

[2] Sitting in diversity, this Court applies Texas substantive law.

2014). The Court observed that "for both torts, whether and how to apply the economic loss rule 'does not lend itself to easy answers or broad pronouncements.' Rather, as we have already observed, the application of the rule depends on an analysis of its rationales in a particular situation." *Id.* at 245-46 (quoting *Sharyland*, 354 S.W.3d at 419).

A recap of some earlier cases will help clarify the issues. In *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991), the Court wrote: "In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Id.* at 494. Then, in *Formosa Plastics Corp. v. Presidion Eng'rs*, 960 S.W.2d 41 (Tex. 1998), the Court ruled that the independent injury requirement did not apply to a claim of fraudulent inducement.

Most pertinent, in *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662 (Tex. 1998) (per curiam), the Court considered whether to extend to *Formosa Plastics* exception to a claim of negligent misrepresentation. "The principal issue in this case is whether a party may recover benefit-of-the-bargain and punitive damages for negligent and grossly negligent misrepresentations made by the other party in pre-contractual negotiations." *Id.* at 663. Plaintiff argued that just as in *Formosa*, defendant had a legal duty not to make misrepresentations to induce plaintiff to enter into a contract. *Id.* The Court did not directly address that issue:

> Without deciding whether HISD breached a legal duty independent of its contractual duties, we conclude that HISD's negligent misrepresentation claim must fail for lack of any independent injury. The Formosa opinion's rejection of the independent injury requirement in fraudulent inducement

claims does not extend to claims for negligent misrepresentation or negligent inducement. Unlike fraudulent inducement, the benefit of the bargain measure of damages is not available for a claim of negligent misrepresentation.

*Id.* The Court then quoted from the Restatement:

> (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is legal cause, including:
> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
> (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

*Id.* at 664-64 (quoting RESTATEMENT (SECOND) OF TORTS § 552B (1977)). Finally, the Court held the plaintiffs had not met their evidentiary burden of proving compensable damages:

> HISD did not meet its burden of proving the independent injury required under section 552 of the Restatement. HISD's theory of recovery and charge to the jury did not attempt any distinction between its out-of-pocket damages and the benefit of the bargain. Instead, by seeking recovery for its costs to replace the roof, repair the plumbing, and re-grade the parking lots, HISD in essence asked for the benefit of its bargain – in this case, the reasonable costs needed to bring the school up to the "bargained-for" standard. Consequently, HISD is not entitled to any recovery under the theory of negligent misrepresentation.

*Id.* at 664 (citation omitted). Thus, the problem for the plaintiff in *D.S.A.* was not its legal theories, but rather a failure of proof: it did not prove tort damages, instead it sought contractual benefit-of-the-bargain damages. *D.S.A.* thus does not stand for the broader proposition that there is no claim for negligent misrepresentation in the inducement of a contract.

Texas law regarding economic loss appears to involve at least three issues: (1) was the source of the duty tort or contract; (2) was the breach of duty in the inducement or in the course of performance; and (3) are the damages sought contractual benefit-of-the-bargain damages, or tort out of pocket expenses and reliance damages. The Court holds that the economic loss rule does not bar a claim for out of pocket or reliance damages caused by a negligent misrepresentation that induced a party to enter into a contract. COSI cites no cases to the contrary, and the Court has found none.[3] Correct Rx's damage claims here are for out of pocket damages and reliance damages, not benefit-of-the-bargain damages.[4] The jury's award of damages for negligent misrepresentation is not barred by the economic loss rule.[5]

---

[3]Other cases support the Court's holding. *See QSL Waco, Inc. v. Lube Holdings, Inc.*, 2017 WL 3405039, at *4 (E.D. Tex. 2017) (Priest, MJ) ("Plaintiffs argue the economic loss rule is inapplicable to Plaintiffs' negligent misrepresentation claim because Plaintiffs are not seeking benefit-of-the-bargain damages, but rather seek to recover the money they invested as a result of Longstreet's negligent misrepresentations. The Court finds Plaintiffs' argument has merit.") (citation omitted); *Hurd v. BAC Home Loans Servicing LP*, 880 F. Supp. 2d 747, 764 (N.D. Tex. 2012) ("Since [plaintiff] seeks out-of-pocket expenses incurred in reliance on the alleged representations, the injury alleged is over and above the economic loss to the subject matter of the [contracts] and is sufficient to avoid dismissal at this stage of the proceedings."); *Nazareth Int'l, Inc. v. J.C. Penney Corp.*, 2005 WL 1704793, at *8 (N.D. Tex. 2005) (distinguishing between benefit-of-the-bargain damages and out-of-pocket and consequential damges which are recoverable under negligent misrepresentation); *see also* RESTATEMENT § 552B, *supra.*

[4]The jury awarded damages as follows: Deposits paid to CASI – $2,936,257.80, Extra rent and office expense for Barkwood Court lease extensions – $36,975, Interest paid on Equipment Loan – $84,442.19, Out of pockect [sic] expenses – $73,390. *See* Jury Charge at 14 [143]. The jury perhaps saved Correct Rx from partial judgment as a matter of law when it declined to award damages for Correct Rx's claim for payroll costs, which were benefit-of-the-bargain damages.

[5]There is a line of cases originating from this District suggesting that a legal duty to avoid negligent misrepresentation exists only in certain circumstances, notably when there

is a special relationship or a previous representation that requires correction. The Court respectfully suggests that this is a mis-application of the doctrine that an omission is actionable as a misrepresentation only when there is a duty to speak *Cf.* TEX. PATTERN JURY CHARGES: BUSINESS § 105.4 (2016) (Instruction on Common-Law Fraud – Failure to Disclose When There Is Duty to Disclose) (collecting cases).

This error originated in *Nazareth Int'l*, *supra*. The court there stated:

> Courts in Texas have found this duty [not to negligently misrepresent] to exist in numerous situations, all of which involved a defendant in a position of trust. *McCamish v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex.1999) (collecting cases where such a duty was found to apply to auditors, physicians, real-estate brokers, securities placement agents, accountants, surveyors, title insurers, and attorneys). However, "[e]ven without a special relationship, there is always a duty to correct one's own prior false or misleading statement." *Trustees of the Northwest Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir.1994).

*Nazareth Int'l*, 2005 WL 1704793, at *6. Other federal district courts followed this lead. *See, e.g.*, *Jetpay Merchant Servs., LLC v. Miller*, 2007 WL 2701636, at *5 (N.D. Tex. 2007) (quoting verbatim *Nazareth* quote above without citation); *Hurd*, *supra*, 880 F. Supp. 2d at 763 (citing *Nazareth*); *McKinney/Pearl Restaurant Partners, LP v. Met. Life Ins. Co.*, 2015 WL 12723054, at *5 (N.D. Tex. 2015) (citing *Nazaraeth*); *Tex. Drain Techs., Inc. v. Centennial Contractors Enters., Inc.*, 2015 WL 4094059, at *3 (S.D. Tex. 2015) (citing *Jetpay*).

This Court respectfully disagrees with the suggestion of *Nazaraeth* for three reasons. First, the cases it cites do not support the conclusion. While *McCamish* does collect cases involving a special relationship, that was in the context of deciding whether a negligent misrepresentation claim could lie against a lawyer; it nowhere suggests that negligent misrepresentation is limited to special relationships. And while *Burzinski* includes the quoted language, it was in the context of discussing when an omission is actionable under common-law fraud. Second, the only Texas case this Court has found on point disagrees with *Nazaraeth*. *See Carousel's Creamery, LLC v. Marble Slab Creamery, Inc.*, 134 S.W.3d 385, 393 (Tex. App. – Houston [1st. Dist.] 2004, pet. dism'd) (We hold that [defendant] had a tort duty not to make negligent misrepresentations to [plaintiff], and that [plaintiff] has urged a legitimate tort – negligent misrepresentation – and not a breach of contract claim disguised as a tort.") (franchisor-franchisee dispute). Third, this reading is directly contrary to the Restatement's statement of the elements of negligent misrepresentation, as adopted by the Texas Supreme Court. *See Fed. Land Bank Assoc. of Tyler v. Sloane*, 825 S.W.2d 439, 442

## B. The Jury Verdict Is Not Inconsistent

COSI also argues for judgement as a matter of law because the jury found in favor of Karol, Doke, and Gillett on the same negligent misrepresentation claim. This is actually an argument that the verdict is internally inconsistent, and would result in a new trial if correct, not judgment as a matter of law. Courts "are required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible." *Alvarez v. J. Ray McDermott & C.*, 674 F.2d 1037, 1040 (5th Cir. 1982) (citations omitted). A verdict is inconsistent only when "there is no view of the case which makes the jury's answers consistent . . . ." *Id.* (quoting *Griffin v. Matherene*, 471 F.2d 911, 915 (5th Cir. 1973)).

Correct Rx points out four reasons the verdict was not inconsistent. While the Court generally agrees with all four of the points, it need here discuss only one. The Court instructed the jury that negligent misrepresentation occurs when a party makes a

---

(Tex. 1992) ("The elements of a cause of action for the breach of this duty are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.") (citing RESTATEMENT (SECOND) OF TORTS § 552 (1997)). Nowhere does *Federal v. Sloane* suggest that the duty is limited to a special relationship or to correcting prior statements. The only limitation is that the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest. For these reasons this Court respectfully believes the suggestion of a limitation of a claim for negligent misrepresentation to special relationships or a prior misstatement in *Nazaraeth* and progeny is wrong.

representation in the course of his business or in a transaction in which he has a pecuniary interest. *See* Jury Charge at 10 [143]. While this transaction was in the course of CASI's business, it was not in the course of the individual defendants' business, and the jury could have found that the individual defendants did not have a direct pecuniary interest in the transaction. Thus, the jury could have found that CASI made a negligent misrepresentation, but the individual defendants did not. The jury verdict, therefore, is consistent.

The Court grants Correct Rx's motion for judgment and denies COSI's motion for judgement as a matter of law on the jury's award of damages for negligent misrepresentation.

### Conclusion

Neither side raises any issues with the balance of the jury's verdict. The Court will, therefore, render judgment in favor of Correct Rx on its negligent misrepresentation claim against COSI and against Correct Rx on all other of its claims.

Signed September 28, 2018.

David C. Godbey
United States District Judge